O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. CV 14-1741-DOC (JEMx)            Date: August 11, 2014

Title: HARRY A. REYES V. UNITED HEALTHCARE SERVICES, INC., ET AL.

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO COMPEL ARBITRATION [10]**

      Before the Court is Defendant United HealthCare Services, Inc.'s Motion to Compel Arbitration ("Motion" or "Mot.") (Dkt. 10). Having considered the written submissions, the Court DENIES the Motion.

### I. BACKGROUND

      Plaintiff Harry A. Reyes ("Reyes") was employed by United HealthCare Services, Inc. ("United Health") as a customer service representative from August 2, 2010 through April 2, 2013. Decl. of Harry A. Reyes ("Reyes Decl.") ¶ 2. Reyes received his offer letter of employment from United Health on or around July 27, 2010. Mot. to Compel Arbitration, Ex. 1 ("Offer Letter"). On August 3, 2013, Reyes electronically signed an Arbitration Policy mandating arbitration for all employment-related disputes. Mot. to Compel Arbitration, Ex. 2 ("Arbitration Policy"). Acceptance of the Arbitration Policy was a condition of Reyes's employment. *See* Offer Letter ("Your agreement to be bound by the terms of the [Arbitration] Policy is a condition of your employment."); *see also* Arbitration Policy § A ("Acceptance of employment or continuation of employment with UnitedHealth Group is deemed to be acceptance of this Policy.").

      Reyes declares that the Arbitration Policy was never explained to him and that he was not informed of whether it was required or optional. Reyes Decl. ¶¶ 3, 5. Reyes further declares that he was not provided with the American Arbitration Association

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-1741-DOC (JEMx)                                Date: August 11, 2014

Page 2

(AAA) rules, *id.* ¶ 4, which are incorporated by reference in the Arbitration Policy, Arbitration Policy § C. According to Reyes, he was never given an opportunity to negotiate any of the terms of the Arbitration Policy. Reyes Decl. ¶ 6.

United Health moves to compel arbitration pursuant to the Arbitration Policy. *See generally* Mot.

## II. LEGAL STANDARD

Both the Federal Arbitration Act (FAA) and California Arbitration Act state that arbitration agreements are generally "valid, enforceable and irrevocable." 9 U.S.C. § 2; Cal. Civ. Proc. Code § 1281. In general, there is "a liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (citation and quotation marks omitted); *see also Armendariz v. Found. Health Psychcare Serv., Inc.*, 24 Cal. 4th 83, 126 (2000). However, arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also* Cal. Civ. Proc. Code § 1281 ("A written agreement to submit to arbitration . . . is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."). "This saving clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Concepcion*, 131 S. Ct. at 1746.

"[T]he FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008).

## III. ANALYSIS

Reyes argues that the Arbitration Policy should be invalidated because it is both illusory and unconscionable. United Health disputes these points, and further argues that any objectionable terms should be severed from the Policy.

### 1. Illusory Modification Clause

The Policy contains the following modification clause:

> UnitedHealth Group reserves the right to amend, modify, or terminate the Policy effective on January 1 of any year after providing at least 30 days notice of its intent and the substance of any amendment, modification or

Case 2:14-cv-01741-DOC-JEM Document 25 Filed 08/11/14 Page 3 of 8 Page ID #:463

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-1741-DOC (JEMx)　　　　　　　　　　　　　　　　　　Date: August 11, 2014

Page 3

>termination of the Policy. Notice may be effected by the posting of the notice on the UnitedHealth Group intranet website. The policy may only be amended, modified or terminated in writing, effective on January 1 of any year, by the authority of the Senior Executive for Human Capital.

Arbitration Policy § D. The Policy further states that "[a]ll arbitrations shall be conducted in accordance with the Policy in effect on the date the Corporate Employee Relations Department receives the Demand for Arbitration." *Id.* § E.

　　　Reyes argues that this provision renders the agreement illusory. Generally, under California law "[a]n agreement to arbitrate is illusory if . . . the employer can unilaterally modify [it]." *Sparks v. Vista Del Mar Child & Family Servs.*, 207 Cal. App. 4th 1511, 1523 (2012). However, "the covenant of good faith and fair dealing may save an arbitration agreement from being illusory." *Peleg v. Neiman Marcus Grp., Inc.*, 204 Cal. App. 4th 1425, 1465 (2012). In *Peleg*, the court considered an arbitration agreement with a similar clause allowing the agreement to be "amended, modified, or revoked in writing by the Company at anytime, but only upon thirty (30) days' advance notice." *Id.* at 1436. Under the agreement, such amendments were to have "no effect on any Claim that was filed for arbitration prior to the effective date of [the] amendment." *Id.* (emphasis omitted). The court in *Peleg* found the provision problematic because it would allow the employer to alter the agreement after it had become aware of a potential claim:

>The vice of the modification provision in this case is that it allows the employer to manipulate the arbitration process, tailoring it to fit specific cases, either by making the process more difficult or more expensive for the employee, or by revoking the Agreement in the belief that a judicial forum is preferable. Accordingly, if a claim has accrued or if the employer knows about a claim, all parties to the Agreement should be bound by the version in effect at that time; no changes should apply after the point of accrual or knowledge.

*Id.* at 1459. The court then discussed the possibility that the implied covenant of good faith and fair dealing can remedy this problem. The court stated that "[a] unilateral modification provision that is silent as to whether contract changes apply to claims, accrued or known, is impliedly restricted by the covenant so that changes do not apply to such claims." *Id.* at 1465. However, if "a modification provision expressly addresses whether contract changes apply to claims that have accrued or are known to the employer," the agreement is illusory because the covenant of good faith and fair dealing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-1741-DOC (JEMx)                                   Date: August 11, 2014

Page 4

"cannot create implied terms that contradict the express language." *Id.* Consequently, the court determined that the provision was illusory under California law.[1]

Here, as in *Peleg*, the Arbitration Policy expressly addresses the applicability of modifications – stating that "[a]ll arbitrations shall be conducted in accordance with the Policy in effect on the date the Corporate Employee Relations Department receives the Demand for Arbitration." Arbitration Policy § E. In other words, modifications may apply to claims already accrued or known to United Health, provided that the claim was not *filed* until after the 30-day notice period. This is the exact problem identified in *Peleg*, and because resolving it would require alteration of the express terms of the Policy, the implied covenant of good faith and fair dealing cannot save it. *See* 204 Cal. App. 4th at 1465. Indeed, in another case, the California Court of Appeals noted that the following similar language could not be saved by the implied covenant of good faith and fair dealing: "[A]ll claims arising before alteration or termination shall be subject to the [agreement] in effect at the time the Arbitration Request Form is received by the Company." *Casas v. Carmax Auto Superstores California LLC*, 225 Cal. App. 4th 1233 (2014).[2] Therefore, this modification provision renders the Arbitration Policy illusory.

## 2. Unconscionability

"[U]nconscionability has both a 'procedural' and a 'substantive' element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000) (citation and quotation marks omitted). Under the prevailing view, "procedural and substantive unconscionability must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Id.* (citation, quotation marks, and brackets omitted). The analysis proceeds along a sliding scale, such that "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.*

The Court has little difficulty finding that the Arbitration Policy here is procedurally unconscionable. In *Armendariz*, the California Supreme Court stated that

---

[1] The *Peleg* court applied Texas law to the agreement, but analyzed California law in determining whether the application of Texas law was contrary to a fundamental policy of California. *See id.* at 1463–66.

[2] The court ultimately concluded that the agreement was not illusory because it included a provision stating that "if any of the arbitration rules is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision." <u>Id.</u> (citation and quotation marks omitted). No such provision is contained in the Policy at issue here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-1741-DOC (JEMx)                                    Date: August 11, 2014

Page 5

there was "little dispute" that the arbitration agreement at issue was procedurally unconscionable because "[i]t was imposed on employees as a condition of employment and there was no opportunity to negotiate." *Id.* at 115. Reyes faced the exact situation here. *See* Offer Letter; Reyes Decl. ¶¶ 3, 5, 6. "[I]n the case of preemployment arbitration contracts, the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." *Id.* Moreover, despite the fact that the Arbitration Policy incorporates by reference the AAA rules, United Health never provided Reyes with a copy of those rules. "Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound, supported a finding of procedural unconscionability." *Trivedi v. Curexo Tech. Corp.*, 189 Cal. App. 4th 387, 393 (2010) (citing cases). Thus, the Policy is procedurally unconscionable.

Reyes next contends that several of the Arbitration Policy's provisions are substantively unconscionable. The Court examines each arguably unconscionable provision in turn, first addressing those provisions that are not unconscionable, then addressing those provisions that are unconscionable.

Reyes argues that the Arbitration Policy is unduly one-sided because only Reyes agreed to be bound by it. He points to the fact that only he signed the Policy, and that the Policy repeatedly uses the phrase "I agree." In support of this argument, Reyes cites to *Higgins v. Superior Court*, 140 Cal. App. 4th 1238 (2006). But in that case, the agreement lacked bilaterality because it granted the employer the exclusive "right to seek injunctive or other equitable relief in a court of law." *Id.* at 1253. Here, United Health clearly agreed to arbitration for *all* employment-related disputes: "The disputes covered under the Policy . . . include any dispute UnitedHealth Group might have with a current or former employee which arises or relates to employment." Arbitration Policy § B. In *Serpa*, the court found that the agreement's requirement that the parties "arbitrate 'any dispute' arising out of [plaintiff's] employment," created "an unmistakable mutual obligation on the part of [both parties]." *See Serpa*, 215 Cal. App. 4th at 705. Moreover, United need not have signed the Arbitration Policy to be bound by it. *See Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420–21 (2000) (stating that acceptance of arbitration agreement may be implied-in-fact). Reyes's related argument that the Arbitration Policy requires only claims by employees to be submitted to arbitration also fails. As noted above, the Arbitration Policy clearly applies to *all* employment-related disputes. This is not a situation in which the agreement exempts certain claims brought by the employer. *Cf. Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1528, 1536–37 (1997) (deeming

Case 2:14-cv-01741-DOC-JEM Document 25 Filed 08/11/14 Page 6 of 8 Page ID #:466

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-1741-DOC (JEMx)                                    Date: August 11, 2014

Page 6

arbitration provision unconscionable where it excluded from its scope claims relating to the protection of the employer's property and the enforcement of a covenant not to compete); *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 115 (2004) (holding that an agreement lacked mutuality where it "specifically exempt[ed] from its terms any claims by [defendant] for injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information." (quotation marks omitted)). In other words, the provision is not unconscionable because, in fact, United health is bound by the Arbitration Policy.

Reyes also argues that the Arbitration Policy impermissibly requires employees to submit to an internal dispute resolution (IDR) process prior to filing an arbitration claim. Such a requirement would be unconscionable, as "requiring plaintiff to submit to an employer-controlled dispute resolution mechanism (i.e., one without a neutral mediator) suggests that defendant would receive a 'free peek' at plaintiff's case, thereby obtaining an advantage if and when plaintiff were to later demand arbitration." *Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 1282–83 (2004). Reyes and United dispute whether IDR is indeed mandatory. The relevant provision reads as follows:

> Employees are encouraged to exhaust the IDR process before initiating arbitration. If an employment-related dispute is not resolved through the IDR process and the dispute is based on a legal claim not expressly excluded from this Policy, any party to the dispute may initiate the arbitration process.

Arbitration Policy § B. Although this provision could have been better worded, it is clear that the process is merely "encouraged" and not mandatory. It allows any dispute "not resolved" by the IDR process to proceed to arbitration – which would include a dispute that does not go through the IDR process at all. Thus, the provision is not unconscionable.

Reyes also argues that the confidentiality provision in the Policy is unconscionable. But such provisions are generally unobjectionable. *See Sanchez v. Carmax Auto Superstores Cal., LLC*, 224 Cal. App. 4th 398, 408 (2014). Although a confidentiality provision may be unconscionable under certain circumstances, *see Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1078 (9th Cir. 2007) (overruled on other grounds), here the confidentiality provision applies "unless applicable law provides to the contrary." Arbitration Policy § C, ¶ 8. Thus, the provision should be read not to apply when its application would be unconscionable.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-1741-DOC (JEMx)                                          Date: August 11, 2014

Page 7

However, while several of the provisions are not unconscionable, as least two provisions are substantively unconscionable. First, the modification provision – which the Court has already deemed illusory – is substantively unconscionable. Indeed, under California law, such a provision is both illusory and unconscionable. *See Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 708 (2013) (stating that covenant of good faith and fair dealing may "save[] th[e] agreement from being illusory and thus unconscionable").

Second, the discovery provisions contained in the Arbitration Policy are unconscionable. In general, parties are "permitted to agree to something *less than* the full panoply of discovery provided in [a civil action]," but the parties must be "at least entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses." *Armendariz*, 24 Cal. 4th at 105, 106 n.11. Here, the discovery provision of the Arbitration Policy limits each party to one interrogatory, one set of 25 requests for production, two eight-hour days of depositions, and one additional day of depositions of any expert witnesses designated by the opposing party. Arbitration Policy § C, ¶ 14. In the employment context, at least one court has found similar discovery limitations unconscionable. The court in *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702 (2004), determined that a limitation of two lay depositions and one expert deposition – although technically mutual – "does not have mutual effect" because "the employer already has in its possession many of the documents relevant to an employment discrimination as well as having in its employ many of the relevant witnesses." *Id.* at 716. "Given the complexity of employment disputes, the outcomes of which are often determined by the testimony of multiple percipient witnesses, as well as written information about the disputed employment practice, it will be the unusual instance where the deposition of two witnesses will be sufficient to present a case." *Id.* Although two days of lay depositions may, depending on their length, be less constraining than two total depositions, the same reasoning applies. Moreover, the arbitration agreement in *Fitz* granted the arbitrator discretion to grant additional discovery. Id at 717. There is no such provision here. Indeed, it appears from the Arbitration Policy that neither party is entitled to additional discovery under any circumstances. Therefore, both the modification provision and the discovery limitations are substantively unconscionable.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-1741-DOC (JEMx)                                                              Date: August 11, 2014

Page 8

### 3. Severability

The Arbitration Policy contains a severability provision stating: "If any portion or provision of this Policy is held to be void or unenforceable, the remainder of this Policy will be enforceable and any part may be severed from the remainder, as appropriate." Policy § C, ¶ 23. However, under California law, a court may refuse to enforce the entire agreement when it is "permeated by unconscionability." *Armendariz*, 24 Cal. 4th at 122 (quotations omitted). Here, the Policy contains two unconscionable provisions: the modification clause and the limitations on discovery. Where an "arbitration agreement contains more than one unlawful provision," this weighs against severance and "indicate[s] a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Id.* at 124. Moreover, if the Court were to sever the discovery provision, the Arbitration Policy would contain no guidance on discovery. Severance is appropriate only if courts "have the *capacity* to cure the unlawful contract through severance or restriction of the offending clause." *Id.* (emphasis in original). The Court cannot rewrite the Arbitration Policy by, for example, replacing the provision with the AAA discovery rules. *See Fitz*, 118 Cal. App. 4th at 727 ("Replacing the [agreement]'s limitations on discovery with the rules of AAA would be in effect to rewrite the agreement. Courts cannot cure contracts by reformation or augmentation."). Therefore, the Court cannot sever the unenforceable provisions.

### A. DISPOSITION

For the reasons explained above, the Court DENIES United Health's Motion to Compel Arbitration. Defendant shall file a responsive pleading within twenty-one days of the issuance of this order, i.e. on or before September 2, 2014.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                                 Initials of Deputy Clerk: jcb
CIVIL-GEN